UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                              Chapter 11

403 LLC,                                            Case No. 23-41131-JMM

                              Debtor.
---------------------------------------------------------x

## DEBTOR'S PLAN OF REORGANIZATION

403, LLC (the "Debtor") hereby proposes the following Chapter 11 plan of reorganization (the "Plan") pursuant to the provisions of Title 11 of the United States Code (the "Bankruptcy Code").

## OVERVIEW OF THE PLAN

The Debor's main asset consists of its Lease, which was acquired by the Debtor in connection with the prior Modell's Sporting Goods Chapter 11 case in New Jersey. The Lease covers most of the building (approximately 60%) located at 531 86th Street Brooklyn, NY (the "Premises") and was acquired prior to the Landlord's ownership of the Premises.

The Debtor contends that, pre-petition, it was hampered in its ability to sublease the Premises by alleged interference by the Landlord. As a result, the Debtor commenced formal litigation against the Landlord in the Supreme Court, Kings County (the "State Court"), seeking Declaratory Judgment, injunctive relief, breach of contract, tortious interference with economic relationships and constructive eviction. The Debtor simply could not endure a prolonged litigation with the Landlord while its ability to sublease the premises was compromised. As a result, the Debtor sought Chapter 11 relief in order to pursue a subtenant for the Premises with the benefit of a ready forum to deal with the Landlord's resistance. Since the start of the Chapter 11 case, the Debtor resumed paying post-petition rent while it sought out a subtenant. In recent weeks, the

Debtor was successful in obtaining a new subtenant, known as SWY Entertainments LLC ("Subtenant"), and has since obtained formal Bankruptcy Court approval to assume the Lease and enter into a sublease (the "Sublease") with the Subtenant, pursuant to Order dated November 5, 2023 [ECF No. 65] (the "Assumption Order"). With a new sublease in place, the Debtor is filing this Plan to address the claims of all other creditors, while reserving continuing jurisdiction in the Bankruptcy Court to adjudicate the Debtor's claims against the Landlord previously asserted in the State Court that were removed to the Bankruptcy Court pursuant to reference of the District Court on July 21, 2023 (the "Pending Landlord Litigation").

## ARTICLE I

## DEFINITIONS

Terms not otherwise defined shall have the following meanings for purposes of the Plan.

1.1. **"Administrative Claim"** means a Claim or request for payment of costs and expenses of administering the Chapter 11 case allowable under §§ 503(b) and 507(b) of the Bankruptcy Code including: (a) the actual and necessary costs and expenses incurred by the Debtor after the Petition Date of operating its business, and maintaining the Premises and pursuing subtenants; (b) compensation for the Debtor's counsel awarded by the Bankruptcy Court under §§ 330 and 331 (hereinafter "Professional Fees").

1.2. **"Allowed Claim"** means a Claim timely filed before the Bar Date, or which was scheduled by the Debtor without being designated as contingent, unliquidated or disputed, and, in either case, a claim as to which no objection to the allowance thereof (including a request for estimation) has been filed on or before the Claims Objection Deadline; or (b) as to which any objection has been settled, waived, withdrawn or denied by a Final Order; or (c) that is Allowed

(i) by a Final Order; (ii) by an agreement between the Holder of such Claim and the Debtor; or (iii) pursuant to the terms of the Plan.

1.3. **"Bankruptcy Code"** or the **"Code"** means title 11 of the United States Code, 11 U.S.C. §§101 et seq.

1.4. **"Bankruptcy Court"** means the United States Bankruptcy Court for the Eastern District of New York.

1.5. **"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure, and the Local Rules of the Bankruptcy Court.

1.6. **"Bankruptcy Schedules"** mean the schedules of assets and liabilities, lists of executory contracts and unexpired leases, statements of financial affairs, and related information filed by the Debtor pursuant to Bankruptcy Rule 1007, as same may have been amended or supplemented.

1.7. **"Bar Date"** means the deadline to be set by Order of the Bankruptcy Court as the last day for the filing of Claims in the Debtor's case.

1.8. **"Business Day"** means any day, excluding Saturdays, Sundays or "legal holidays".

1.9. **"Claim"** means a claim against the Debtor as defined in Bankruptcy Code § 101(5).

1.10. **"Claims Objection Deadline"** shall mean thirty (30) days after the Effective Date.

1.11. **"Class"** means all of the Holders of Claims or Interests having substantially similar to the other Claims or Interests and which have been designated as a class in the Plan.

1.12. **"Confirmation"** means approval of the Plan by the Bankruptcy Court pursuant to 11 U.S.C. §1129 following a hearing thereon.

1.13. **"Confirmation Account"** means the escrow account to be established by the Debtor with the Disbursing Agent for use in making the cash payments due under this Plan.

1.14. **"Confirmation Order"** means the order of the Bankruptcy Court approving the Plan pursuant to Bankruptcy Code § 1129.

1.15. **"Creditor"** means a Holder of an Allowed Claim.

1.16. **"Disbursing Agent"** means Goldberg Weprin Finkel Goldstein LLP as the Debtor's counsel.

1.17. **"Disputed Claim"** means any Claim as to which the Debtor or the Disbursing Agent have interposed an objection or request for estimation in accordance with the Bankruptcy Code and the Bankruptcy Rules prior to the Confirmation Hearing.

1.18. **"Effective Date"** means the date when the Confirmation Order becomes a Final Order.

1.19. **"Final Order"** means an Order entered by the Bankruptcy Court as to which (a) the time to appeal or reargue has expired and as to which no appeal or motion for reargument has been granted; or (b) in the event that a further appeal or motion for reargument, has been sought, such order or judgment shall have been affirmed by the highest court to which such order or judgment was appealed.

1.20. **"General Unsecured Claims"** means all allowed Unsecured Claims of creditors not entitled to priority in bankruptcy.

1.21. **"Interest"** means the legal and equitable membership interests in the Debtor.

1.22. **"Petition Date"** means March 31, 2023.

1.23. "**Plan**" means this Plan as it may be further amended, modified, or supplemented.

1.24. **"Priority Tax Claim"** means a Claim of any federal or state taxing authorities.

1.25. **"Reorganized Debtor"** means the Debtor following the Effective Date.

1.26. **"U.S. Trustee Fees"** means fees payable pursuant to 28 U.S.C. § 1930.

## ARTICLE II

## UNCLASSIFIED CLAIMS

2.1     Pursuant to Section 1123(a) of the Bankruptcy Code, the Plan does not classify Administrative Claims, Priority Tax Claims or Bankruptcy Fees, all of which shall be paid in full as required by 11 U.S.C. §1129(a)(9) from the monies on hand in the Confirmation Fund.

2.2.    **Administrative Expenses**.  Administrative Expenses consist of Professional Fees and any allowed unpaid fees, costs and expenses incurred by the Debtor in maintaining the Premises during the Chapter 11 case.  To the extent that any Administrative Expenses have not been paid prior to the Effective Date, each holder of an Administrative Claim shall be paid.

2.3     **Professional Fee Claims**.  All requests for allowance of Professional Fee Claims shall be filed no later than thirty (30) days after the Effective Date in accordance with 11 U.S.C. §330.  After notice and a hearing, the allowed amounts of such Professional Fee Claims shall be paid by the Disbursing Agent from the Confirmation Fund upon entry of an appropriate Order of the Bankruptcy Court awarding same.

2.4     **Priority Tax Claims**.  The Debtor does not believe that it owns any unsecured pre-petition Priority Tax Claims.  However, to the extent that any Priority Tax Claims are filed and allowed, they shall be paid in full on the Effective Date.

2.6     **U.S. Trustee Fees**.  To the extent not otherwise paid, the Debtor shall pay all accrued U.S. Trustee Fees, together with any interest thereon, until the Chapter 11 case is closed by entry of a Final Decree.

# ARTICLE III

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

3.1     **Classification of Claims and Interests**.  The Plan classifies Claims and Interests against the Debtor consistent with the applicable provisions and standards of the Bankruptcy Code.

3.2     **Summary**.  The categories listed below classify Claims and Equity Interest against the Debtor for all purposes, including voting, confirmation and distribution pursuant to Sections 1122 and 1123(a)(l) of the Bankruptcy Code, as summarized below:

| Class | Designation | Impaired | Entitled to Vote |
|---|---|---|---|
| Class 1 | Landlord | No | No |
| Class 2 | General Unsecured Claims | No | No |
| Class 3 | Equity Interest Holders | No | N/A |

3.3     **Class 1 – The Claim of the Landlord**.  Class 1 consists of the Allowed Claim of the Landlord for any unpaid rent or other lease obligations otherwise owed in connection with the Assumption Order.

**Treatment:**  The Class 1 Claim of the Landlord for pre-petition arrears to the extent unpaid and allowed shall be paid on the Effective Date.  Heretofore, the Debtor already cured all undisputed amounts of $199,710.32 in furtherance of the Assumption Order and is currently contesting a balance of $36,379.86, plus potential interest and attorneys' fee.  To the extent Allowed, those amounts shall be paid on the Effective Date or pursuant to a Final Order following the Effective Date.

**Voting**  The Class 1 Claim of the Landlord is not impaired and, thus, the Landlord is not entitled to vote.

3.4     **Class 2 – General Unsecured Claims**.  Class 2 consists of Allowed General Unsecured Claims of General Creditors, whether filed or scheduled, excluding the claims of insiders and affiliates.

**Treatment**    All Allowed Class 2 General Unsecured Claims shall be paid in full on the Effective Date with interest at the federal judgment rate unless interest is voluntarily waived.

3.5    **Class 3 – Equity Interests**.  The equity interest in the Debtor is held by Tim Ziss as the sole member and manager.

**Treatment.**    Tim Ziss shall retain his equity interests in the Reorganized Debtor without change or modification, except that there shall be no distribution of any funds to Tim Ziss on account of any prior loans, advances or capital contributors except to the extent there is a recovery in the Pending Landlord Litigation as provided below in which event Tim Ziss shall be eligible to retain such recovery as either a distribution or repayment of loans and advances.

## ARTICLE IV
## MEANS FOR IMPLEMENTING THE PLAN

4.1    **Implementation.**  The Plan shall be implemented by the Debtor through additional capital contributions to be contributed by the Debtor's manager and member.  Prior to Effective Date, the Debtor's manager and member shall deposit sufficient funds with the Disbursing Agent to discharge and pay all cash obligations due hereunder.   The Debtor or Reorganized Debtor shall utilize the rents collected under the Sublease to pay the rent due under the Lease on or after the Effective Date.

4.2    **Post-Confirmation Stays/Injunctions**.   All stays pursuant to Section 362 of the Bankruptcy Code shall remain in full force and effect until the close of the bankruptcy case and entry of a Final Decree.  All Creditors who hold, have held, or may hold a Claim or Claims against the Debtor are permanently enjoined on and after the Confirmation Date from (i) commencing or continuing in any manner, any action or other proceeding of any kind with respect to any such Claim; (ii) the enforcement, attachment, collection or recovery by any manner or means of any

7

judgment, award, decree or Order against the Premises; and (iii) creating, perfecting or enforcing any encumbrance of any kind against the Premises.

4.3    **Post-Confirmation Management**.  Following the Effective Date, the Debtor shall continue to be managed by Tim Ziss on the same terms and conditions as existed prior to the Petition Date.

4.4    **Continuation of Litigation**. The Debtor shall continue to prosecute the Pending Landlord Litigation to conclusion in the Bankruptcy Court through entry of a Final Order, settlement or otherwise.  Any monetary recovery obtained by the Debtor or Reorganized Debtor in the Pending Landlord Litigation shall be used to pay Tim Ziss as either a distribution or repayment of affiliate and insider loans.

**ARTICLE V**

**PAYMENT OF DIVIDENDS**

5.1    **Distributions.** The Disbursing Agent shall pay all required distributions to Creditors in accordance with the terms of the Plan on the Effective Date.

5.2    **Delivery of Distributions.**  The distributions to the holders of Allowed Claims shall be forwarded: (i) to the address set forth on any allowed Proof of Claim filed, or (ii) at the addresses reflected in the Debtor's Bankruptcy Schedules.  If a distribution to any Creditor is returned as undeliverable without a forwarding address, no further distributions to such Creditor shall be made.  All claims for undeliverable distributions shall be made on or before the 180th day after the first distributions under the Plan.  All unclaimed dividends by a Creditor shall revert to the Debtor or Reorganized Debtor.

5.3    **Procedures for Treating and Resolving Disputed Claims**. Objections to Claims shall be filed prior to the Claims Objection Date.  No distribution shall be made with respect to

any portion of a Disputed Claim unless and until objections to any Disputed Claim have been settled or withdrawn or have been determined by a Final Order, and the Disputed Claim has become an Allowed Claim in whole or in part. In the event that an objection to a Claim remains unresolved on the Effective Date, the Disbursing Agent shall establish a cash reserve in a banking institution that is an authorized depository institution in the Eastern District of New York (the "Reserve Fund") in an amount not less than the full sum required to pay the then-Disputed Claim in full. If the Disputed Claim is eventually allowed, in whole or part, it shall be satisfied from the Reserve Fund. Should the Reserve Fund exceed the full amount of a Disputed Claim(s), all excess funds will be returned to the Debtor or Reorganized Debtor as the case may be.

5.4. **Unclaimed Distribution** In the event any creditor fails to claim any distribution within one-hundred eighty (180) days from the date of issuance, such creditor shall forfeit all rights thereto and the distribution shall revert to the Debtor or Reorganized Debtor as the case may be.

## ARTICLE VI

## EXECUTORY CONTRACTS

6.1 The Debtor has previously obtained Bankruptcy Court approval of the assumption of the Lease and execution of the Sublease. In the abundance of caution, the Assumption Order is ratified in all respects for purposes of the Plan and shall continue to be fully enforceable on or after the Effective Date and shall survive confirmation.

## ARTICLE VII

## EFFECT OF CONFIRMATION

7.1 Except for the rights conferred under this Plan, any and all persons or entities who or which hold Claims against the Debtor are hereby permanently and forever enjoined from

instituting any action or proceeding whatsoever in law or equity relating to any and all prior transactions involving or relating to the Debtor or the Premises.

## ARTICLE VIII

## NO VOTING ON THE PLAN

8.1     There are no impaired Classes of Claims designated by this Plan. Accordingly, no creditors are required to formally vote on the Plan, although the Debtor will be filing a Disclosure Statement.

## ARTICLE IX

## MODIFICATION OF THE PLAN

9.1     The Debtor reserves the right to modify the Plan in accordance with §1127 of the Bankruptcy Code as may be applicable, upon proper application after notice and a hearing.

## ARTICLE X

## RETENTION OF JURISDICTION

10.1    The Bankruptcy Court shall retain jurisdiction over the following matters: (i) consideration of any modification of the Plan under §1127 of the Bankruptcy Code; (ii) resolve all matters arising under or relating to the Plan; (iii) to hear and determine all controversies, suits and disputes that are pending as of the Confirmation Date; (iv) to determine any objections to Claims; (v) to hear and determine all requests and applications for compensation and/or reimbursement of expenses which may be filed by the Debtor's counsel; (vi) to consider any other matters to aid in the implementation of the Plan; and (vii) to issue a Final Decree.

## ARTICLE XI

## GENERAL PROVISIONS

11.1  **Payment Dates**.  Whenever any payment or distribution to be made under this Plan shall be due on a day other than a business day, such payment or distribution shall instead be made on the following business day.

11.2  **Post-Confirmation Reports**.  The Debtor shall file quarterly post-confirmation status and disbursement reports, beginning on the Effective Date, by the 20th day after the end of the relevant reporting quarter, using the forms promulgated in compliance with 28 CFR § 58.8. The post-confirmation status and disbursement reports shall be filed until the closing of this case with the entry of a final decree, the dismissal of this case, or the conversion of this case, whichever happens earlier.

11.3  **Payments of US Trustee Fees**.  All US Trustee Fees payable to the Office of the United States Trustee, together with all applicable interest, shall be brought current on the Effective Date and timely paid thereafter through the earlier of conversion, dismissal or entry of a Final Decree closing the Bankruptcy Case.

11.4  **Notice of Effectiveness**.  Within three (3) business days after the entry of the Effective Date, the Debtor shall file Notice that the Plan is Effective.

11.5  **Entry of Final Decree**.  Within 14 days following the full administration of the estate, but not later than 18 months following the entry of the order confirming a plan, the Debtor shall file on notice to the United States Trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022.

11.6 **Headings**. The headings in this Plan are for reference purposes only and shall not limit or otherwise affect the meaning of the terms of this Plan.

Dated: New York, New York
       February 22, 2024

| 403 LLC | GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP |
| --- | --- |
| | Attorneys for the Debtor |
| | 125 Park Avenue, 12th Floor |
| | New York, NY 10017 |
| By: /s/ Tim Ziss, Manager | By: /s/ J. Ted Donovan, Esq. |

W:\GWFG\new data\Yen\word\Ziss - 403 LLC\Plan of Reorganization 02-22-24 v1.docx