UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re: Chapter 11

403 LLC, Case No. 23-41131-JMM

Debtor.

----------------------------------------------------------x

403 LLC,

Plaintiff,

v. Adv. Pro. No.

SWY Entertainments, LLC,

Defendant.

----------------------------------------------------------x

**COMPLAINT TO COMPEL TURNOVER OF THE SUBLEASED PREMISES**

The Plaintiff herein, 403 LLC (the "Debtor"), by and through its attorneys, Goldberg Weprin Finkel Goldstein LLP, as and for its Complaint (the "Complaint") against the defendant, SWY Entertainments, LLC (the "Defendant" or "SWY") respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. This adversary proceeding seeks immediate turnover of the subleased premises currently occupied by SWY, as subtenant, covering certain ground floor and second floor space at the building located at 531 86th Street, Brooklyn, NY 11209 (the "Subleased Premises"). SWY went into possession of the Subleased Premises pursuant to a post-petition sublease previously approved by the Court on November 5, 2023 (the "Sublease") [*See* ECF No. 65]. The Debtor was compelled to terminate the Sublease due to SWY's failure to procure required insurance in accordance with the Sublease in combination with the failure to pay any rent since October 15, 2025.

2. The Debtor first issued a 15-day written notice to cure on January 28, 2026 and, thereafter, the Landlord issued a notice of termination on February 17, 2026 after SWY took no action to remediate the defaults. Copies of these notices are annexed hereto as Exhibits "A" and "B", respectively.

3. By virtue of the failure to timely cure, the Sublease terminated by operation of law based upon a failed conditional limitation rendering SWY to be an unauthorized holdover tenant without any continuing legal rights or entitlements to occupy or possess the Subleased Premises. Hence, the Debtor is now seeking the immediate removal of SWY as a subtenant based upon the turnover provisions of Section 542 of the Bankruptcy Code

**POST-CONFIRMATION JURISDICTION**

4. On June 27, 2025, the Court confirmed the Debtor's Chapter 11 plan of reorganization as supplemented (the "Plan"). The Plan was predicated upon the subleasing of the Subleased Premises to SWY, with the subrents devoted to pay the Overlandlord under the Debtor's Direct Lease (all as defined below). The Court retained post-confirmation jurisdiction regarding all matters arising under or relating to the Plan or its implementation, including the Sublease, which is the funding mechanism for the Plan. Thus, the Court retains post-confirmation jurisdiction to issue a turnover order and judgment against SWY.

**PARTIES**

5. The Debtor is a New York limited liability company, with offices located at 9322 3rd Avenue, Brooklyn, NY 11209-6802.

6. SWY is a New York limited liability company, with offices located at 531 86th Street, Brooklyn, New York, 11209.

## BACKGROUND

7. The Debtor holds a long-term lease (the "Direct Lease") with 531 86th Street LLC as direct landlord (the "Overlandlord") covering most of the building (approximately 60%) at 531 86th Street, Brooklyn, NY.

8. The Direct Lease became subject to litigation in bankruptcy concerning a number of pre-petition and post-petition matters. After extensive efforts, the Debtor's disputes with the Overlandlord were resolved based upon the terms of a lease modification (the "Lease Modification"). *See* ECF No. 107, Exhibit A, *see also* ECF No. 112.

9. In conjunction with the Lease Modification, the Debtor was authorized to enter into the Sublease with SWY and the Debtor made a significant investment was made to build out the Subleased Premises. A copy of the Sublease is annexed hereto as Exhibit "C".

10. In the fall, 2024, SWY became delinquent with certain rents and the parties entered into a certain Amendment (the "Sublease Amendment") whereby SWY agreed to reimburse the Debtor for delinquent rents totaling $267,831.00. A true and correct copy of the Sublease Amendment is attached hereto as Exhibit "D". The Sublease Amendment provides that all terms and conditions in the Sublease otherwise remain in full force and effect.

11. In the meanwhile, SWY failed to procure and maintain various policies of insurance in accordance with paragraph 43 of the Sublease. The lack of insurance ultimately triggered the termination of the Sublease.

12. Moreover, SWY again became delinquent with respect to the payment of rent and only made sporadic payments in 2024 and 2025, resulting in a current balance as of the termination of the Sublease in the total sum of $540,060.82 as per the attached itemized statement annexed hereto as Exhibit "E" (the "Rent Arrears").

13. Due to the non-payment of the Rent Arrears, various rent collection actions were instituted by the Debtor in the state court against SWY and its principal as guarantor.

14. Separate and apart from these actions, the Debtor issued the Notice of Default relating to insurance defaults which ultimately triggered the Debtor's decision to exercise the rights to terminate the Sublease as of February 26, 2026.

15. To date, SWY failed to obtain a Yellowstone Injunction or any other relief tolling the time to cure the insurance defaults. Instead, the State Court appears to be of the view that SWY's request for Yellowstone relief (invalid as it may be) remains subject to the automatic stay, and the parties should return to the Bankruptcy Court for further relief.

16. In view of the foregoing, the Debtor can ill afford any further delay and is proceeding before this Court to obtain a turnover of the Debtor's property, which consists of (i) surrender and possession of the Subleased Premises; (ii) turnover of all fixtures, improvements and personal property located at the Subleased Premises, which are subject to the Debtor's landlord liens as granted under the Section 78 of the Sublease (collectively, items (i) and (ii) are referred to as the "Debtor's Property").

## COUNT I

**Turnover of the Debtor's Property**
**Pursuant to Section 542(a) of the Bankruptcy Code**

17. The Debtor repeats and re-alleges each and every allegation contained in paragraphs "1" through "16" above as if more fully set forth at length herein.

18. SWY is unlawfully in possession of the Debtor's Property following expiration of the Sublease on February 26, 2026.

19. At this juncture, the Debtor's Property must be surrendered and turned over to the Debtor in order to enable the Debtor to relate the Subpremises and resume generating income to implement the Plan.

20. In view of the foregoing, the Debtor is entitled to entry of an Order and Judgment pursuant to 11 U.S.C. §542 directing SWY to promptly turnover the Debtor's Property and vacate the Subleased Premises.

**COUNT II**

**Turnover and Payment of Accrued Rents**

21. The Debtor repeats and re-alleges each and every allegation contained in paragraphs "1" through "20" above as if more fully set forth at length herein.

22. Section 542(b) of the Bankruptcy Code provides in pertinent part that "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt . . . ."

23. SWY is and remains delinquent in the payment of the Rent Arrears, which accrued prior to the termination of the Sublease in the total sum of $540,060.82. The Rent Arrears constitute a debt that is property belonging to the Debtor's bankruptcy estate which is fully matured and immediately due and payable.

24. SWY is thus obligated to turnover the accrued Rent Arrears of $540,060.82.

25. In view of the foregoing, the Debtor is also entitled to entry of an Order and Judgment pursuant to 11 U.S.C. §542 directing SWY to turnover and pay the sum of $540,060.82 representing matured accrued Rent Arrears to the Debtor's estate, together with accrued interest thereon.

**WHEREFORE**, the Debtor respectfully requests that the Court enter a turnover judgment and order relating to the Debtor's Property and Accrued Rents as follows:

(a) Directing SWY to immediately surrender and turn over possession of the Subleased Premises;

(b) Authorizing the Debtor to obtain a writ of possession and/or warrant from the United States Marshal if SWY does not comply with a voluntary surrender and turnover of the Subleased Premises; and

(c) Directing and requiring SWY to turnover to the Debtor the sum of $540,060.82 representing the matured accrued Rent Arrears; together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 28, 2026

GOLDBERG WEPRIN
FINKEL GOLDSTEIN LLP
*Attorneys for the Debtor*
125 Park Avenue, 12th Floor
New York, New York 10017
(212) 221-5700

By: /s/ Kevin J. Nash, Esq.