# 15 DAY NOTICE OF DEFAULT

**By Certified Mail**

TO: TENANT: SWY Entertainments LLC ("**Tenant**")
531 86th Street
Brooklyn, New York 11209

RE: PREMISES: Certain ground floor and second floor space of the building located at 531 86th Street, Brooklyn, New York 11209, County of Kings, City and State of New York (the "**Premises**").

**PLEASE TAKE NOTICE**, that 403 LLC ("**Landlord**") is the owner and sublandlord of the Premises.

**PLEASE TAKE FURTHER NOTICE**, that Tenant is in possession of the Premises pursuant to a Standard Form of Store Lease and Rider, dated August 30, 2023, by and between Landlord and Tenant ("Initial Lease"), as amended by that certain Lease Amendment Agreement dated October 14, 2024 ("Amendment" together with Initial Lease as "Lease").

**PLEASE TAKE FURTHER NOTICE**, that Section 43 of the Lease provides, in relevant part:

> … Tenant shall secure, pay for and maintain, at its own expense, the following insurance policies in full force and effect during the term of the agreement:
>
> (i) Property Insurance: Replacement cost insurance on Tenant's machinery, equipment, furniture & fixtures, goods, wares, merchandise, improvements/betterments and Business Interruption/Extra Expense in sufficient amounts against damage caused by fire and all other perils covered by a standard All Risk Insurance Policy. Tenant agrees to waive its right of subrogation against Landlord, Managing Agent and Master Landlord and shall obtain a waiver from its insurance company releasing the carrier's subrogation rights against Landlord, Managing Agent and Master Landlord.
>
> (ii) Workers Compensation affording coverage under the Workers Compensation laws of the State of New York and Employers Liability coverage subject to a limit of no less than

$500,000 each employee, $500,000 each accident and $500,000 policy limit.

(iii) Commercial General Liability Insurance for limits of $3,000,000 per occurrence Bodily Injury and Property Damage, $2,000,000 per occurrence Personal & Advertising Injury, $1,000,000 Products Liability and Completed Operations, $1,000,000 Fire Damage Legal Liability and $2,000,000 General Aggregate limit per location. The policy shall be written on an occurrence basis. Any deductible shall be the responsibility of the Tenant. The policy shall not contain exclusions relating to: (a) contractual liability, (b) independent contractors, (c) gravity related injuries, or (d) injuries sustained by an employee of an insured or any insured.

Additional Insureds — Tenant's Commercial General Liability policy shall be endorsed to name Landlord, Managing Agent, Master Landlord, Landlord's lender (if required) and their subsidiaries, successors and affiliates and all other entities that may be reasonably required (hereinafter referred to as "Additional Insureds") as Additional Insured, utilizing ISO Form CG2026 or its equivalent. Definition of Additional Insured shall include all officers, directors, partners, members, employees, agents and designees. Further, the insurance policy shall provide coverage for the Additional Insured on a primary and non-contributory basis irrespective of any other insurance available to Additional Insureds, whether collectible or not.

(iv) Umbrella Liability Insurance for the total limit purchased by the Tenant but not less than a $3,000,000 limit providing excess coverage over all limits and coverage noted in paragraphs (ii) and (iii) above. This policy shall be written on an "occurrence" basis and shall cover the same Additional Insureds as defined in Section (iii) above. Coverage for Additional Insureds shall apply on a primary and non-contributory basis irrespective of any other insurance available to Additional Insureds, whether collectible or not...

Tenant shall furnish Landlord and Managing Agent with Certificates of Insurance and upon Landlords request, complete copies of all policies including all endorsements attached thereto..

**PLEASE TAKE FURTHER NOTICE**, that Tenant has violated and continues to violate substantial obligations of its tenancy in that, in default of Section 43 of the Lease, Tenant

has failed to procure and maintain the types and amounts of insurance coverage required by Section 43 of the Lease for the entire period of the Lease, from August 30, 2023 to date.

Specifically, Tenant has failed to maintain Commercial General Liability Insurance with a limit of $3,000,000 per occurrence, Bodily Injury and Property Damage Insurance with a limit of $2,000,000 per occurrence, Personal & Advertising Injury Insurance with a limit of $1,000,000 per occurrence, Products Liability and Completed Operation insurance with a limit of $1,000,000 per occurrence and Umbrella Liability Insurance with a 3,000,000 limit.

**PLEASE TAKE FURTHER NOTICE**, that Tenant is hereby required to cure the aforementioned defaults by providing Landlord with proof (in the form of copies of insurance policies and any and all endorsements) evidencing that Tenant procured and maintained the types and amounts of insurance coverage required by Section 43 of the Lease at all times during the Lease term.

**PLEASE TAKE FURTHER NOTICE**, that Tenant must provide Landlord with the aforementioned proof on or before **_February 17, 2026**, that being more than fifteen (15) days after the service of this Fifteen (15) Day Notice of Default (this "**Notice**") upon Tenant, and that upon Tenant's failure to so cure, Landlord shall elect to terminate the Lease and Tenant's tenancy at the Premises pursuant to Section 17 of the Lease and applicable provisions of law.

**PLEASE TAKE FURTHER NOTICE**, that this Notice is without prejudice and without waving Landlord's claim that Tenant's failure to procure and maintain at all times during the Lease term the types and amounts of insurance coverage required by Section 43 of the Lease is an incurable and material default of the Lease as a matter of law. This Notice is being provided to Tenant to provide Tenant with an opportunity to demonstrate that it had, at all times, complied

with Section 43 of the Lease by delivering proof thereof to Landlord within a fifteen (15) day cure period, i.e., by **February 17, 2026**.

**PLEASE TAKE FURTHER NOTICE**, that this Notice is without prejudice to and without waiving: (a) any prior demands, default and/or termination notices served by Landlord on Tenant, (b) any other or further defaults of Tenant not otherwise referenced herein, and (c) Landlord's rights, remedies, claims and defenses under the Lease, with respect to the pending litigation in the Supreme Court of State of New York, County of New York, captioned as *403 LLC v. Wisam Assaedi (Index No. 656277/2025)*, and the pending litigation in the Kings County Civil Court, Landlord and Tenant Division captioned as *403 LLC v. SWY Entertainments et al. (Index No. LT-333703-25/KI)* at law or in equity, all of which are expressly reserved.

**PLEASE TAKE FURTHER NOTICE**, that this Notice is being served upon Tenant pursuant to Articles 17 and 27 of the Lease, and that any response to this Notice should be directed to the below-named attorneys for Landlord.

**[SIGNATURE PAGE TO FOLLOW]**

Dated: New York, New York
January 28, 2026

**403 LLC**
*Landlord*

By: ______________________
Name: Tim Ziss
Title: Managing Member

**SWY Entertainments LLC**
8504 121st Street
Kew Gardens, New York 11415

**SCOLNICK LAW**
*Attorneys for Tenant*
84-03 Cuthbert Rd
Kew Gardens, New York 11415
Attn: Marc Scolnick